IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANUTA DEC,<br><br>   Plaintiff,<br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, *et al.*,<br><br>   Defendants. | Case No. 24 C 10986<br><br>Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Danuta Dec filed a claim in this Court alleging that the United States Citizenship and Immigration Services (USCIS) unlawfully denied her Form I-601A waiver application. Plaintiff claims she was eligible for the waiver under § 204(1) of the Immigration and Nationality Act (INA) and that Defendants' decision was legally erroneous. Defendants Kristi Noem,[1] as Secretary of Homeland Security, and Kika Scott, as Acting Director of USCIS, moved to dismiss this action under Federal Rule of Civil Procedure Rule 12(b)(1). For the reasons discussed below, Defendants' motion to dismiss [10] is granted, and the Court dismisses the Complaint for lack of subject matter jurisdiction.

**Background**

  Plaintiff is a native and citizen of Poland who resides in Cook County, Illinois.[2] [1] ¶ 11. On April 25, 2006, Plaintiff's U.S. citizen sister filed an I-130 petition to establish Plaintiff as an eligible relative with a qualifying relationship who wants to come to or stay in the United States

---

[1] The Clerk is directed to substitute Kristi Noem, Secretary of the Department of Homeland Security, for her predecessor, Alejandro Mayorkas, and Kika Scott as the Acting Director of USCIS, for Ur Mendoza Jaddou, as the named defendants in this suit. *See* Fed. R. Civ. P. 25(d).

[2] The Complaint does not identify when Plaintiff came to the United States.

permanently. *Id.* ¶ 19. USCIS approved this on August 3, 2009. *Id.* On November 13, 2020, Plaintiff filed a Form I-601A with USCIS claiming she was eligible for a waiver of inadmissibility under § 204(1) of the INA. *Id.* ¶ 21. An I-601A waiver sets aside an applicant's past unlawful presence in the United States and, in doing so, removes the ground of inadmissibility that would otherwise make them ineligible to receive a visa or be admitted to the U.S. *See* [11] at 2–3. This waiver is necessary as unlawful presence in the U.S. is a ground for inadmissibility under INA.[3] 8 U.S.C. § 1182(a)(9)(B). To be eligible for a discretionary I-601A waiver of inadmissibility, a foreign national must show that refusal of admission would result in extreme hardship to the qualifying relative (either a U.S. citizen or lawful permanent resident) sponsoring the application. [1] ¶¶ 14–17. Plaintiff's qualifying relative for her I-601A waiver was her lawful permanent resident mother, who had recently passed. *Id.* ¶¶ 20, 22. Plaintiff provided copies of her mother's death certificate and proof of her lawful permanent residence, as well as proof of Plaintiff's residence in the U.S. at the time of her mother's passing. *Id.* ¶ 22. In June 2024, USCIS requested additional evidence from Plaintiff to prove her eligibility. *Id.* ¶ 23. Specifically, USCIS requested proof that Plaintiff was a "beneficiary of an approved Form I-130 petition filed by your deceased spouse or parent" and that she resided in the United States when her petitioning U.S. citizen or lawful permanent resident spouse or parent died. *Id.* In July 2024, Plaintiff responded to the request and included evidence to show that Plaintiff resided in the U.S. when her mother passed away. *Id.* ¶ 24.

---

[3] A person who is unlawfully present in the U.S. who is seeking to become a lawful permanent resident in the U.S. using a family-based immigration category for their visa "must appear at a consulate abroad to apply for immigrant visas and seek admission at a port of entry." *Real v. USCIS*, 2024 WL 764474, at *1 (N.D. Ill. Feb. 9, 2024). But a consular officer cannot approve a visa if the officer knows the immigrant is ineligible. *Id.* If the applicant departs the U.S. after being unlawfully present for more than 180 days, but less than one year, that individual becomes inadmissible to the U.S. and ineligible for a visa for three years. *See* 8 U.S.C. § 1182(a)(9)(B)(i)(I). But if the applicant was unlawfully present for at least one year, they are inadmissible and ineligible for a visa for ten years. *See* 8 U.S.C. § 1182(a)(9)(B)(i)(II).

On August 6, 2024, USCIS denied Plaintiff's Form I-601A waiver application after finding that Plaintiff failed to provide succedent evidence to establish that she met the requirements under § 204(1). *Id*. ¶ 25. USCIS found that Plaintiff was ineligible because the petitioner for the I-130 visa petition, her sister, was not the same individual as the qualifying relative for her waiver application, her mother. *Id*. ¶ 34. On August 30, 2024, Plaintiff attempted to file a Form I-290B with USCIS, but that application was rejected, and USCIS noted that there is no opportunity to file a motion to reopen or reconsider such a case. *Id*. ¶ 26. On October 25, 2024, Plaintiff filed this Complaint seeking a declaration that she is eligible for relief under § 204(1) of the INA and to set aside Defendants' decision under the Administrative Procedure Act (APA) as arbitrary, capricious, or otherwise unlawful. *Id*. ¶¶ 28–35.

## Legal Standard

Defendants move to dismiss the Complaint based on Rule 12(b)(1) of the Federal Rules of Civil Procedure. [10]. Motions to dismiss under Rule 12(b)(1) test the sufficiency of the complaint, not the merits of the case. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). When faced with a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing that subject matter jurisdiction has been met. *Id.* at 588–89.

A Rule 12(b)(1) motion to dismiss can be either a factual or facial challenge to jurisdiction. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). A factual challenge contends that a pleading is formally sufficient but "there is *in fact* no subject matter jurisdiction." *Id.* at 444 (emphasis in original). When a factual challenge is raised, courts can consider evidence beyond the allegations in the pleading to determine whether subject matter jurisdiction exists. *Id*. In contrast, a facial challenge contends that, even if the facts in the complaint are true, the plaintiff has not "sufficiently *alleged* a basis of subject matter jurisdiction." *Id*. at 443 (emphasis in

3

original). Thus, courts do not look beyond the complaint's allegations. *Id.* In reviewing a facial challenge, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Here, Defendants' Rule 12(b)(1) motion is properly understood as a facial challenge.

## Discussion

Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction asserting that 8 U.S.C. § 1182(a)(9)(B)(v) of the INA precludes judicial review of inadmissibility waivers. [11] at 1. Plaintiff argues the Court has jurisdiction over this matter because she is not challenging the denial itself, but rather that USCIS committed errors in making their legal findings. *See* [12] at 4; [1] ¶ 35. Plaintiff's argument is based on her theory that she is entitled to relief under 8 U.S.C. § 1154(l)(1)—which is the procedure for granting an immigration status if the petitioner's qualifying relative has died—but that is not the statute that establishes the Form I-601A waiver of inadmissibility. [12] at 4. The Court must first determine whether Plaintiff is precluded from challenging decisions about her I-601A waiver application under the APA.

The APA provides that a "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review," and instructs courts to set aside "agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. §§ 704, 706(2)(A). However, Congress has limited judicial review in decisions relating to immigration, as "the APA's general provision authorizing judicial review of final agency actions must yield to the INA's immigration-specific limitations." *Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020). Defendants contend that 8 U.S.C. § 1182(a)(9)(B)(v) of the INA is one such limitation.

4

**A. Section 1182 of the INA**

Section 1182 enumerates the reasons why a noncitizen may be denied entry into the U.S. and deemed inadmissible, but certain grounds of inadmissibility can be waived under subsection 8 U.S.C. § 1182(a)(9)(B)(v). Relevant here, the statute gives the Secretary of Homeland Security[4] discretion to waive inadmissibility based on unlawful presence in the country when a U.S. citizen or lawful permanent resident would suffer extreme hardship if the foreign national were refused admission. *See* 8 U.S.C. § 1182(a)(9)(B)(v). The foreign national must be the spouse or child of a U.S. citizen or lawful permanent resident. *Id.* The statute explicitly states that the Secretary "has sole discretion to waive [this] clause" and that "[n]o court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver under this clause." *Id.* Section 1182(a)(9)(B)(v) governs when discretionary waivers are applicable, including the Form I-601A waiver of inadmissibility that Plaintiff seeks. *Id.*

Plaintiff alleges that USCIS erred in their process of adjudicating her Form I-601A waiver of inadmissibility. *See* [12] at 4. Defendants argue that this process is an unreviewable action taken at the discretion of USCIS concerning a waiver—which § 1182(a)(9)(B)(v) bars from review. *See* [11] at 6. Plaintiff responds that under the APA, she is entitled to judicial review because she has been adversely affected by USCIS's legal errors in not acting within the agency's statutory authority. *See* [12] at 4–5.

While the APA allows judicial review of agency actions, this authority does not apply when "statutes preclude judicial review" or when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1), (a)(2). Section 1182(a)(9)(B)(v) is a statute that does both, so the APA's

---

[4] While Section 1182 refers to the Attorney General, in 2002, Congress transferred the relevant authority to enforce the INA to the Secretary of Homeland Security. *See Nielsen v. Preap*, 586 U.S. 392, 398 n.2 (2019); 6 U.S.C. § 557.

5

presumption of reviewability drops out and is overtaken by Section 1182(a)(9)(B)(v)'s clear language. *See Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024) ("Section 1182(a)(9)(B)(v) does just that, so by its own terms the APA drops out."). As the Seventh Circuit made clear, "[n]o review means no review[.]" *Id.* Plaintiff argues that there is a strong presumption of reviewability for administrative action, but that presumption "may be overcome by specific language" in a statute. *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349 (1984). Since Section 1182(a)(9)(B)(v) is clear in precluding judicial review for waivers, the Court does not resort to a presumption of reviewability.

In *Soni*, the plaintiff claimed there was an unreasonable delay on his Form I-601A waiver application and asked the district court to order the agency to render a decision within 14 days. 103 F.4th at 1272. The Seventh Circuit held, based on the language provided in Section 1182(a)(9)(B)(v)—"No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause"—thus, the delay in addressing an application and rendering a decision constituted an "'action regarding' waivers" that was unreviewable because setting priorities for processing applications is a decision taken within the agency's discretion. *Id.* at 1272–73; *see also Real v. USCIS*, 2024 WL 764474, at *2 (N.D. Ill. Feb. 9, 2024) (finding that USCIS's process of adjudication is an action regarding a waiver and thus, barred from judicial review); *Garcia v. USCIS*, 760 F. Supp. 3d 671, 672 (N.D. Ill. Dec. 23, 2024) ("Under 8 U.S.C. § 1182(a)(9)(B)(v), there is no judicial review of waivers of inadmissibility[.]").

Like in *Soni*, USCIS's underlying legal determinations in rendering a decision on Plaintiff's I-601A application are also considered an action regarding the waiver, which is barred from judicial review under Section 1182(a)(9)(B)(v). 103 F.4th at 1273. Just as deciding how many employees to assign to adjudicating applications was held to be an "action regarding" waivers in

*Soni*, how USCIS interpreted the evidence and applied the standard of waiver eligibility to Plaintiff's case is also an "action regarding" waivers. *Id.* The Secretary has discretion not only over the ultimate decision itself, but also to consider the facts of the case, to weigh the evidence, and to apply the rules in order to arrive at a determination on whether or not to grant a waiver. Federal courts lack the authority to direct USCIS on how to evaluate the evidence for the waiver applications and what legal interpretation to apply.

### B. The Legal Process and Underlying Errors

Plaintiff attempts to circumvent the jurisdictional issue by claiming she is not challenging the *outcome* of her application, but rather she is only challenging the *legal findings* that USCIS made in coming to their decision by arguing they committed legal errors—that they applied the wrong legal standard, cited incorrect information, and ignored evidence. [1] ¶ 35. However, discretionary actions regarding a waiver encompass not just the actual outcome, but the process the agency has undertaken to arrive at its conclusion as well. *See Doe v. McAleean*, 926 F.3d 910, 911 (7th Cir. 2019) (noting that plaintiffs "cannot evade a jurisdiction-stripping statute by repackaging [their] substantive complaints as procedural objections.").

Plaintiff argues that challenging the underlying legal errors and findings that USCIS used to make their determination is not a "decision" on the application, and courts are therefore not precluded from reviewing findings of eligibility. [12] at 2, 4. Plaintiff contends that USCIS misapplied the regulation in her case by erroneously determining that she did not have a qualifying relative based on their interpretation of Section 204(1). *Id.* at 4. In Plaintiff's view, her claims that USCIS applied the incorrect legal standard, cited incorrect information, and ignored evidence are not subject to the jurisdictional bar because they are underlying errors and separate from the legal process. [1] at ¶ 35. However, many courts have rejected this line of reasoning.

7

For example, in *Holy Virgin Protection Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff*, the plaintiff challenged the revocation of a previously approved visa and suggested her claim was not precluded from judicial review because it involved "not the exercise of discretion on an intimate set of facts, but the application of a policy improperly adopted[.]" 499 F.3d 658, 661 (7th Cir. 2007) (internal citation omitted). The Seventh Circuit held that courts lack the power to review decisions involving revoking a visa petition, including the determinations that form the basis of a discretionary decision. *Id.* at 661–62. In other words, "[t]he statute means what it says: the exercise of discretion is unreviewable, and the ban on judicial review covers the process, too . . . A petitioner cannot challenge the decision itself, or the process that the agency used getting there." *Lukac v. Mayorkas*, 2023 WL 3918967, at *4 (N.D. Ill. June 9, 2023) (rejecting the argument that courts can review how USCIS made its decisions, even if the discretionary decisions themselves are unreviewable).

Plaintiff's attempt to differentiate between legal process and legal error to work around the jurisdiction-stripping provision fails to recognize that legal errors fall underneath the broader legal process. *Singh v. Garland*, 2024 WL 4333288, at *3 (N.D. Ill. Sept. 27, 2024) (rejecting the argument that purported "legal errors" were sufficient to avoid Section 1252(a)(2)(B)'s jurisdictional bar). There is no meaningful difference between claiming USCIS's legal process was erroneous and claiming they committed legal errors, as the process necessarily entails the mistakes Plaintiff alleges USCIS committed. Plaintiff argues that USCIS's denial of her I-601A waiver application was legally erroneous because they based their decision on the incorrect requirement that the petitioner's qualifying relative, Plaintiff's mother, had to be the same individual who filed her I-130 visa petition, Plaintiff's sister. [12] at 4–5. However, it is not within the Court's authority to tell USCIS how to interpret the regulation in light of this discretionary

8

provision. *See Holy Virgin*, 499 F.3d at 661 (noting that the discretionary statutes "do not suggest any standards that judges could use to assess exercises of that discretion."). If a court were to allow judicial review of the process behind the discretionary decision, then that would render the explicit language of jurisdiction-stripping statutes, such as § 1182(a)(9)(B)(v), obsolete and meaningless. *See Bana v. USCIS*, 762 F. Supp. 3d 720, 729 (N.D. Ill. Jan. 10, 2025) ("Plaintiffs cannot avoid this jurisdictional bar by challenging a predicate step in the process.").

Finally, both Plaintiff and Defendants reference *Patel v. Garland*, 596 U.S. 328, 338 (2022), in making an argument regarding the scope of the jurisdiction-stripping language in § 1252(a)(2)(B)(i), with Plaintiff arguing for a narrow reading of the holding as precluding only review of factual findings and Defendants arguing for a more expansive interpretation. *See* [12] at 2; [13] at 2. Both the Seventh Circuit and courts in the Northern District of Illinois have elected for a broader approach. *See Britkovyy*, 60 F.4th at 1028 (noting that the Supreme Court in *Patel* rejected the argument that "judgment" refers only to the ultimate grant or denial of relief); *Real*, 2024 WL 764474, at *3 (applying *Patel*, interpreting the word "regarding" in § 1182(a)(9)(B)(v) as having a broadening effect on the "action[s]" covered by the statute). Likewise, the Seventh Circuit in *Soni* interpreted § 1182(a)(9)(B)(v) in a similar expansive way: "courts lack jurisdiction to review a 'decision *or action regarding*' a waiver," which includes items like setting priorities on "how many employees to assign to processing applications." 103 F.4th at 1273 (emphasis in original). While these cases address separate issues from the waiver at hand, their reasoning nonetheless provides support for the Court's conclusion in this case. The bar on judicial review of discretionary decisions under Section 1182(a)(9)(B)(v) applies not only to the ultimate decision of the waiver application, but also to actions taken throughout the decision-making process, including how USCIS interprets and applies the regulation.

9

**Conclusion**

For the reasons stated above, Defendants' motion to dismiss [10] is granted. Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: July 9, 2025

 Sunil R. Harjani
 United States District Judge